UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| MICHAEL RAY BRINKLEY, | ) |  |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | No. 1:22-CV-095 |
| HAMILTON COUNTY and HAMILTON COUNTY SHERIFF JIM HAMMOND,[1] | ) | Judge Curtis L. Collier |
| *Defendants.* | ) | |

## MEMORANDUM

This is a prisoner's complaint for violation of 42 U.S.C. § 1983 in which Plaintiff, a former prisoner of the Hamilton County Jail represented by counsel, asserts that Defendants failed to protect him from other inmates, failed to properly train, supervise, and discipline Hamilton County Jail correctional officers, and violated state law. (Doc. 24.) Now before the Court are the parties' motions for extensions of time (Docs. 30, 38, 40, 43) and Defendants' motion for summary judgment (Doc. 32). Plaintiff filed a response in opposition to the motion for summary judgment (Doc. 39), and Defendants filed a reply. (Doc. 43-1). For the reasons set forth below, the motions for extensions of time (Docs. 30, 38, 40, 43) will be **GRANTED**. Additionally, Defendants' motion for summary judgment (Doc. 32) will be **GRANTED** as to Plaintiff's federal claims. However, the Court will **DECLINE** to exercise supplemental jurisdiction over his state law claims, and this action will be **DISMISSED**.

---

[1] While the Court's docket lists John Doe Defendants, Plaintiff did not list those individuals as Defendants in his second amended complaint (Doc. 24). Additionally, Plaintiff's second amended complaint states that "Defendant Sherriff Jim Hammond . . . was responsible for all actions of the staff at Silverdale and was the final policy maker for Silverdale." (*Id.* at 3.) Accordingly, the Court finds Plaintiff has abandoned his claims against the previously listed John Doe Defendants, and the Court will not otherwise address these claims.

### I. MOTIONS FOR EXTENSIONS

First, Defendants filed a motion for extension of time to file a motion for summary judgment (Doc. 30), as well as a supplement to this motion indicating that Plaintiff did not oppose this request (Doc. 31.) Due to Plaintiff's lack of any opposition thereto and for good cause shown therein, this motion (Doc. 30) is **GRANTED** to the extent that the Court considers Defendants' motion for summary judgment (Doc. 32) timely filed.

Next, Plaintiff filed a motion for extension of time seeking up to May 27, 2024, to file his response to the motion for summary judgment, in which he indicated that Defendants did not oppose that request (Doc. 38.) Due to the parties' agreement, this motion (Doc. 38) is **GRANTED**.[2]

On May 28, 2024, Plaintiff filed a motion for extension of time in which he sought two additional weeks, which would have resulted in a deadline of no later than June 12, 2024, to file a signed declaration to support his response to the motion for summary judgment and noting that, if Defendants needed extra time to file a reply, he did not oppose such a request (Doc. 40.) Defendants filed a response indicating that they did not oppose Plaintiff's request and sought extra time to file a reply after the filing of the signed declaration (Doc. 41.) Due to the parties' agreement and for good cause shown therein, this motion (Doc. 40) is **GRANTED**.[3]

---

[2] Plaintiff did not file his response to the motion for summary judgment until a day after the agreed upon extension, specifically on May 28, 2024 (Doc. 39.) But Defendants have not sought relief based on this untimely filing, and the Court will not sua sponte grant such relief.

[3] Even though Plaintiff's counsel did not seek further extension of this deadline, he did not file Plaintiff's signed declaration until June 25, 2024, approximately two weeks after the deadline he had sought (Doc. 42.) Accordingly, in their reply, Defendants request that the Court exclude that declaration as untimely filed (Doc. 43-1 at 2.) The Court will address this request below.

On June 28, 2024, Defendants filed a motion for extension of time to file a reply in which they (1) note that Plaintiff filed his signed declaration on June 25, 2024, and (2) therefore request that they be allowed to submit the attached reply (Docs. 43, 43-1.) For good cause shown therein, this motion (Doc. 43) is **GRANTED** to the extent that the Court will consider the attached reply (Doc. 43-1) timely filed.

## II.  SUMMARY JUDGMENT

### A.  Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

### B.  Proof

#### 1.  Plaintiff's Proof

First, as Plaintiff's second amended complaint is unsworn, the Court does not consider it evidence for purposes of summary judgment. *Farr v. Centurion of Tennessee*, LLC, No. 21-5094, 2022 WL 18457630, at *1 (6th Cir. Aug. 1, 2022) (noting that the "district court . . . properly declined to consider as evidence the allegations in [the plaintiff's] complaint and the arguments in his responses to the motions for summary judgment . . . because his complaint was not verified

and his responses were not sworn or submitted under penalty of perjury."). However, the Court does consider Plaintiff's sworn declaration (Doc. 42),[4] which appears to be the only admissible evidence from Plaintiff in the record.

In this declaration, Plaintiff states that on September 20, 2021, while he was confined in the Hamilton County Jail, he requested to be moved from "Echo-1" to "George 1" due to his fear for his safety (Doc. 42 at 1.) But after this transfer "it became apparent that there were inmates in George 1 unit that also wished to harm [Plaintiff]." (*Id.*) Then "one floor of George 1 unit was placed on lockdown, but [Plaintiff's] cell was not locked." (*Id.*) He "pounded on the door of the dayroom and yelled for three nearby officers to alert them that [his] cell had not been locked, but they disregarded [his] cries and carried about their business." (*Id.* at 1–2.) After this, "five inmates attacked [him], stabbing [him] nine times, including once in the face," and this caused him injuries from which he still suffers. (*Id.* at 2.)

In second his amended complaint, which the Court relies upon only to determine the nature of the claims Plaintiff brings in this action, Plaintiff asserts the following claims against all Defendants:

1. An Eighth Amendment claim for failure to protect him from the inmates who stabbed him;

2. A *Monell* claim for failure to train, supervise, and discipline; and

---

[4] As set forth above, Plaintiff filed his signed declaration (Doc. 42) approximately two weeks after the deadline he requested in the motion for extension he sought from the Court (Doc. 40), which Defendants did not oppose (Doc. 41), and the Court has now granted. Accordingly, Defendants request that the Court exclude the declaration as untimely. (Doc. 43 at 2)

The Court agrees with Defendants that Plaintiff's signed declaration is untimely based on his requested deadline. The Court also notes that, as Defendants point out, Plaintiff's counsel did not request that the Court further extend the deadline extension he had already requested or explain his failure to timely comply with that deadline. Nevertheless, given that the record reflects that Plaintiff's counsel was having difficulty obtaining this declaration due to Plaintiff's incarceration in Florida (Docs. 40, 41), the Court will not exclude this declaration.

4

3. Several claims for violation of Tennessee law.

(Doc. 24 at 12–18.)

In support of his *Monell* claim, Plaintiff sets forth a number of allegations about other incidents at the Hamilton County Jail and asserts that these incidents establish that the Hamilton County jail "is notorious for its failure to provide adequate medical care to inmates, inhumane living conditions, and failure to protect inmates from violence." (*Id.* at 4–10.) While the majority of these allegations describe incidents that are substantively dissimilar to the allegations of his complaint, such as failures to provide medical care, illegal sentence, jail escapes, rape, and uses of force by correctional officers (*Id.*), Plaintiff does set forth six incidents of inmate-on-inmate violence in the Hamilton County Jail. (*Id.* at ¶¶ 14, 26, 17, 21, 22, 31.) However, Plaintiff (1) filed no admissible proof about any of these listed incidents; and (2) sets forth no facts about the six inmate-on-inmate violence incidents from which the Court can plausibly infer that they rose to the level of violations of the inmates' constitutional rights. (*Id.*)

## 2. Defendants' Proof

In support of their motion for summary judgment, Defendants set forth undisputed proof that, among other things:

(1) Plaintiff asked to be moved from Echo-I to George 1 because Vice Lords were no longer welcome in Echo-I but were welcome in George 1;

(2) Plaintiff never identified any threat to him in George 1 to an officer who moved him to that housing unit;

(3) Prior to allowing Plaintiff to move to George 1, an officer verified with a security operations team member that George 1 was an appropriate housing unit for Plaintiff;

(4) Plaintiff was moved to George 1 around 11 a.m. and staff became aware of the stabbing incident involving Plaintiff approximately two and a half hours later;

5

(5) Cell checks were done in George 1 approximately every thirty minutes, and those cell checks did not indicate that Plaintiff was incompatible with any other George 1 inmate after his transfer;

(6) George 1 unit was adequately staffed at the time of the incident; and

(7) Plaintiff had no incompatible inmates listed on his intake sheet but did have gang affiliations listed there.

(Doc. 33 at 2–5; Doc. 33-3 at 1; Doc. 33-4; Doc. 33-5.)

Defendants also set forth undisputed proof that the officer who moved Plaintiff received initial and annual training about inmate classifications and gangs, as well as training regarding Hamilton County policies, and that his training was applicable at the time of the incident. (Doc. 33 at 4–5; Doc. 35 at 1–4.) Additionally, Defendants filed proof that all officers at the Hamilton County Jail received training regarding observation of housing units and cell doors. (Doc. 35 at 3.)

    **C.**    **Analysis**

        **1.**    **Failure to Protect**

Plaintiff seeks to assert an Eighth Amendment claim against Defendant Sheriff Hammond in his individual capacity arising out of his failure to protect Plaintiff from the stabbing attack by other inmates. (Doc. 24 at 3, 12–13.) However, Plaintiff has not adequately alleged, much less set forth proof, that anyone, including Defendant Sheriff Hammond, violated his constitutional rights by failing to protect him from the stabbing attack.

It is well-settled that prison officials have a duty to take reasonable measures to protect prisoners' safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). Liability attaches to a prison official's failure to protect a prisoner where the prisoner was "incarcerated under conditions posing a substantial risk of serious harm," and the prison official acted with deliberate indifference to the prisoner's safety. *Id*. at 834. "Deliberate indifference" means that a prison official is liable only

where he knows that the inmate faces a substantial risk of serious harm and disregards that risk. *Id*. at 837 (quotation marks omitted).

As set forth above, according to his declaration, Plaintiff asked to be moved to George 1 from Echo-1 due to his fear for his safety. (Doc. 42 at 1.) And the undisputed proof in the record establishes that, prior to allowing Plaintiff to make this move, an officer verified that placing Plaintiff in George 1 was appropriate with a security operations team member. (Doc. 33 at 2.)

Moreover, while Plaintiff states that he later realized inmates in George 1 posed a threat to him and therefore attempted to alert officers to the fact that his cell door was not locked during a lockdown, but unspecified officers did not immediately heed his attempt to get their attention, these allegations are insufficient to allow the Court to plausibly infer that Defendant Sheriff Hammond (or any Hamilton County Jail officer) was aware of a substantial risk of harm to Plaintiff. And it is self-evident that jail officials cannot be deliberately indifferent to any threats of which they are not aware. *Brennan*, 511 U.S. at 837; *Sanderfer v. Nichols*, 62 F.3d 151, 154–55 (6th Cir. 1995) (finding provider possibly negligent but not deliberately indifferent when unaware of prisoner's serious heart condition). Accordingly, Plaintiff has not set forth any proof from which a jury could reasonably find that Defendant Sheriff Hammond or any other Hamilton County Jail officer violated his constitutional rights with regard to the stabbing attack.

As Plaintiff has not set forth any proof to support a finding of any constitutional violation associated with the stabbing incident at issue in his complaint, Defendant Sheriff Hammond is entitled to summary judgment on Plaintiff's failure to protect claim.

### 2. *Monell*

Plaintiff has also sued Defendants Hamilton County and Sheriff Hammond in his official capacity under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) based on his allegation that they failed to properly train, supervise, and/or discipline Hamilton County Jail officers regarding

7

protection and segregation of inmates. The Court treats Plaintiff's claims against Defendant Sheriff Hammond in his official capacity as against Defendant Hamilton County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell,* 436 U.S. at 690 n.55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

For a municipality to be liable under *Monell*, the plaintiff must establish that a custom or policy of that entity caused a violation of his constitutional rights. *Monell*, 436 U.S. at 694 (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation). However, where no violation of a plaintiff's constitutional rights occurred, a municipality cannot be liable under *Monell*. *Chambers v. Sanders*, 63 F.4th 1092, 1101–02 (6th Cir. 2023) ("'There can be no liability under *Monell* without an underlying constitutional violation.'") (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014))).

As the Court has found above that Plaintiff has not set forth any evidence from which a reasonable jury could find the stabbing incident set forth in his sworn declaration resulted from a constitutional violation, his *Monell* claim also fails. *Id.* Accordingly, Defendants are entitled to summary judgment on this claim as well.

### 3. State Law Claims

Because the Court grants summary judgment to Defendants on Plaintiff's federal claims, the Court will exercise its discretion to **DECLINE** to exercise supplemental jurisdiction over any remaining state law claims by dismissing these claims without prejudice. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

### III. CONCLUSION

For the reasons set forth above:

1. The parties' motions for extensions of time (Docs. 30, 38, 40, 43) are **GRANTED**;

2. Defendants' motion for summary judgment (Doc. 32) will be **GRANTED** as to Plaintiff's federal claims;

3. The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims; and

4. This action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**